*1018 OPINION.
TRAMmell:
The petition as amended alleges that taxes for 1920 and 1921 were not assessed within the time provided by law. The notice of deficiency against which the petition in this proceeding was filed shows that a deficiency was determined for 1921 only. The notice does not contain any reference to the petitioner’s tax liability for 1920, nor was there any evidence offered to show that the respondent had made a determination of a deficiency for that year. The petition in so far as it relates to the petitioner’s tax liability for 1920 is therefore dismissed.
The petitioner alleges that the tax for 1921 was not assessed within the time provided by the revenue acts. The return for 1921 was filed on March 15, 1922. The deficiency notice was mailed on January 30, 1926, and on February 16, 1926, the petition was filed with the Board. The fouy-year period provided for in the Revenue Acts of 1921 and 1924 within which assessment and collection of the petitioner’s tax for 1921 could be made clearly had not expired at the time the deficiency notice was mailed.
Since the filing of the petition with the Board on February 16,1926, the running of the period of limitations on assessment and collection of the tax has been suspended. Luce Furniture Co., 9 B. T. A. 1413; O. J. Erickson, 9 B. T. A. 363; Farmers Co-Operative Milk Co., 9 B. T. A. 696. Under section 279 of the Revenue Act of 1926 the Commissioner is authorized to make assessment of deficiencies determined by him and against which petitions are pending before this Board. No contention is raised that the assessment in the instant case was not in accordance with that provision of the Act. Therefore, we conclude that as the running of the period of limitations has been suspended since February 16, 1926, the petitioner’s contention as to this point must be denied.
The remaining issue relates to the taxability of the $24,824.82 representing loans obtained by the petitioner from V. Loewer’s Gam-brinus Brewery Co. during 1919 and 1920 and which were canceled, released, and forgiven by action of the stockholders of the company on April 21,1921.
*1019 The petitioner contends that the amount represented a gift from the corporation. The respondent determined that it was a distribution in the nature of a dividend and subject to surtax. In support of his determination the respondent relies on our decision in the cases of Ida L. Dowling and Jacob Loewer, 13 B. T. A. 787. In those cases, we held that the amounts canceled and released to Ida L. Dowling and Jacob Loewer (the other parties named in the stockholders’ resolution of April 21, 1921) represented a payment of dividends, and therefore constituted taxable income.
The petitioner contends that the facts as stipulated in his case are such as to warrant our reaching a different conclusion here from that reached in the Dowling and Loewer cases. While it is true that the facts here differ in some respects from those in the other cases, yet we do not think such differences are material. We do not think that the facts here presented warrant the conclusion that the amount in question represented a gift. Accordingly, we are of the opinion that our decision in the Dowling and Loewer cases is applicable and controlling here.

Judgment will be entered for the respondent.